U.S. Depart~ ~nt of Justice
Office of Leg.. Counsel



Office of the
Assistant Attorney General

*Washington, D.C. 20530*

MAR 2 1988

MEMORANDUM FOR THE ATTORNEY GENERAL

Re:  <u>Acceptance and Reporting of Travel Reimbursement</u>

You have asked for the advice of this Office concerning the following specific questions relating to the rules applicable to your acceptance and reporting of travel reimbursement.

1. Under what circumstances may a person, organization, state, or foreign country provide lodging or any other thing of value to the Attorney General's family, and what, if any, reporting requirements apply?

There are no legal restrictions on acceptance by members of the Attorney General's family of gifts that are made to them without regard to their relationship to the Attorney General. (Considerations relating to appearances may, however, counsel caution if the donor is a "prohibited source" under the Department's standards of conduct.[1])  Gifts or reimbursements to a spouse or dependent child made "totally independent" of their relationship to an official need not be reported by the official on his or her annual financial disclosure form.  See 5 U.S.C. App. 202(e)(1)(B) and (C).

---

[1] The "prohibited sources" from which gifts may not be accepted by Department officials are listed in the standards of conduct at 28 C.F.R. 45.735-14(a). They are any person or entity which
    (1) Has, or is seeking to obtain, contractual or other business or financial relationships with the Department;
    (2) Conducts operations or activities that are regulated by the Department;
    (3) Is engaged, either as principal or attorney, in proceedings before the Departmental [sic] or in court proceedings in which the United States is an adverse party; or
    (4) Has interests which may be substantially affected by the performance or nonperformance of the employee's official duty.
Categories 1, 2, and 4 are taken almost verbatim from the description in section 201(a) of Executive Order 11222 of the categories of persons and entities from which an executive branch employee may not accept "any gift, gratuity, favor, entertainment, loan, or any other thing of monetary value."

Under the Department's regulations, the Attorney General may accept reimbursement from a private source for his wife's travel expenses when she accompanies him on official business, as long as the Deputy DAEO determines in advance that "acceptance will not create an appearance of impropriety."[2] All such reimbursements must be reported as gifts on his annual financial reporting form.[3] Like all other departmental officials, the Attorney General is prohibited from accepting reimbursement for the expenses of other members of his family when they accompany him on official trips. The restrictions on accepting reimbursement for the travel expenses of family members are predicated on the notion that an official's acceptance of such expenses while on official business raises an issue under 18 U.S.C. 209, the prohibition against supplementation of a federal official's salary.

An official may accept monies paid "out of the treasury of any State, county, or municipality" without violating section 209. See 209(a). Thus, that section would not prohibit an official from accepting reimbursement from state and local governments for any of his family members. However, OGE takes the position that such reimbursement, if excessive, may raise an issue under Executive Order 11222 (use of public office for private gain) and that it must in any event be reported.

Foreign travel is something of a special case. The Foreign Gifts Act permits officials to accept reimbursement from a foreign government for travel taking place entirely outside the United States (which does not include travel originating at a U.S. port). See 5 U.S.C. 7342(c)(1)(B)(ii). Spousal travel expenses on foreign trips may be reimbursed by the foreign government on the same terms. Spousal expenses on foreign trips may also in certain circumstances be borne by the U.S. government, if a spouse's presence on a foreign trip can be said to serve an

___

[2] See 28 C.F.R. 45.735-14a(d). This regulation sets forth several factors that would "tend to support a favorable determination" respecting acceptance of reimbursement for a spouse's travel expenses. They include whether the reimbursement is from the sponsoring organization itself, whether the reimbursing organization is nonprofit, whether it is a prohibited source, whether the reimbursement is reasonable and covers only actual expenses, whether it was solicited by the Attorney General, and whether the reimbursing entity reimburses similarly situated nongovernmental persons. Note that reimbursement for spousal travel under this section does not depend upon the reimbursing entity being tax exempt under section 501(c)(3).

[3] Gifts of transportation and lodging received by an official's spouse or dependent children that are not "totally independent" of their relationship to him are attributable to him, and must be reported on his annual financial disclosure form. See 5 U.S.C. 202(e)(1)(C) and (D).

official purpose. There is no authority for the government to pay the expenses of other family members on foreign trips, unless there is some independent official reason for their taking the trip.

**2. Under what circumstances may the Attorney General accept payment by a sponsoring person, organization, state or foreign country of costs for lodging, etc. incurred while on official business, and what reporting requirements apply?**

The Attorney General's expenses while on official business must be paid from the Department's appropriation. Because the Department does not have general gift authority, it has no authority to accept reimbursement for such expenses from sources outside the Department, since this would result in an augmentation of its appropriation. See, e.g., 46 Comp. Gen. 689 (1967). There are only two exceptions to this rule against reimbursement for official travel, both of which depend upon the fiction that the Attorney General is accepting the reimbursement as a personal gift. One is for reimbursement from entities that are tax exempt under 26 U.S.C. 501(c)(3). See 5 U.S.C. 4111. The other is for payments from "the treasury of any State, county, or municipality," which are carved out of the rule against supplementation of federal salary in 18 U.S.C. 209.

When the Attorney General's expenses are paid from departmental funds, they are subject to the restrictions contained in GSA's travel regulations. Some of these restrictions can be waived if necessary to serve an official purpose.[4] If the Attorney General's expenses are reimbursed by a 501(c)(3) entity or by a state or local government, he is not bound by the per diem and other limitations on expenditures in the GSA travel regulations.

Because the Department does not have gift acceptance authority, reimbursements from 501(c)(3) entities and state and local governments must be paid directly to the Attorney General, and must be reported as gifts from those entities. He may not accept reimbursement from a 501(c)(3) entity that falls within one of the categories of "prohibited sources" described in the Department's gift regulation, 28 C.F.R. 45.735-14(a).[5]

---

[4] See Comp. Gen. Dec. No. B-209375 (Dec. 7, 1982). For example, an official who must hold official meetings in his hotel room may exceed the limitations imposed by the GSA travel regulations if necessary to obtain appropriate accommodations.

[5] While OGE's standards of conduct do not state whether reimbursement for official travel may be accepted from entities that fall within one or another category of "prohibited sources" under the standards of conduct, see 5 C.F.R. 735.202(f), OPM's regulations implementing 5 U.S.C. 4111 provide that expense reimbursement should not be accepted in circumstances that would

3. Why are such payments treated as supplementation of salary rather than as augmentation of the Department's budget, notwithstanding the fact that the purpose of the trip is official business?

Notwithstanding the general rule against an agency's augmenting its appropriation by gifts from nonfederal sources,[6] the Comptroller General has allowed agency employees to accept reimbursement for official travel as long as it is not prohibited by 18 U.S.C. 209. The two sources from which an employee may accept reimbursement notwithstanding section 209 are 501(c)(3) organizations, see 18 U.S.C. 209(d) and 5 U.S.C. 4111, and state and local governments. See 209(a). The somewhat anomalous result is that an agency without gift authority may effectively augment the travel funds available to it from nonfederal sources, so long as the reimbursement can be characterized as a permissible contribution to its employee's salary.[7] Building upon this rather shaky theoretical structure, OGE takes the position that all such reimbursements for official travel must be reported as a gift to the employee.

What steps have been taken to secure the necessary authority to augment the Department's budget, and why have they been unsuccessful?

---

[5] (Cont.) "reflect unfavorably on the ability of the employee to carry out his official duties in a fair and objective manner," would "compromise the honesty and integrity of Government programs or of Government employees and their official actions or decisions, or would "otherwise [not] be proper and ethical for the employee concerned under the circumstances in his particular case." See 5 C.F.R. 410.702(b). We believe that especially in light of these provisions, the Department's own standards of conduct should be interpreted to preclude acceptance of travel reimbursement from an entity falling within one of the categories of "prohibited sources" in section 735.14(a).

[6] The Comptroller General's rule against augmentation of appropriations has no specific statutory basis, but is derived from several separate statutory enactments. These include the provision restricting appropriations to the use intended, the rule requiring deposit of all miscellaneous receipts into the Treasury, and the law prohibiting an official's supplementation of salary. See GAO's Principles of Federal Appropriations Law at 5-62.

[7] See 55 Comp. Gen. 1293 (1976)(IRS may not itself accept reimbursement from eligible tax exempt entities for expenses incurred by its employees in attending training meetings, since it has no authority to accept gifts; it may, however, allow its employees to accept such reimbursement directly from the tax exempt organization under authority of 5 U.S.C. 4111).

A number of agencies have authority to accept gifts from nonfederal sources to supplement their travel budgets.[8]  See Memorandum of October 10, 1986 ("Department of Justice Gift Authority")(attached).  Until very recently, however, the Department had not made a serious attempt to secure its own gift authority.  OLC developed a model gift authority provision several years ago, which has been included in our current proposed authorization legislation.  We understand from JMD that in discussions last week Senate staffers were quite cool to the idea of giving DOJ gift authority.

**4. Why are the President and his staff (and, perhaps some other Cabinet members) able to get full reimbursement from the Government for their actual travel expenses, while the Attorney General's right to reimbursement is limited?**

The President has available to him by statute travel funds that can be spent without regard to any otherwise applicable legal restrictions, including the GSA travel regulations.  See 3 U.S.C. 103.  Persons accompanying him on official trips can in certain circumstances be reimbursed from these funds as well.  See 3 U.S.C. 105(d).  See also 3 U.S.C. 106(b)(travel expenses of the Vice President and his staff similarly exempt from restrictions).  Other Cabinet Members are subject to the same restrictions as is the Attorney General, unless their agency has authority to accept gifts of money that can be used to pay travel expenses.  As noted in response to Question 2, see note 3, supra, many of the restrictions in the GSA travel regulations may be waived if necessary to serve a governmental purpose.

Charles J. Cooper
Assistant Attorney General
Office of Legal Counsel

---

[8] This gift authority may permit an agency generally to increase the travel funds available to its officials, and avoid restrictions that would be applicable to travel paid from appropriated funds (such as the GSA travel regulations), as well as accept reimbursement for specific trips from the sponsoring organization.